Weksler v Weksler (2018 NY Slip Op 04976)





Weksler v Weksler


2018 NY Slip Op 04976


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


603288/07 7073N 652843/11 7072

[*1] Lisa J. Weksler, etc., Plaintiff-Respondent,
v
Joseph Weksler, etc., et al., Defendants-Appellants, Mitchel D. Hollander, et al., Defendants.
In re Lisa J. Weksler, etc., Petitioner-Respondent,
v
Bruce Supply Corp., et al., Respondents-Appellants.


Putney, Twombly, Hall & Hiron LLP, New York (Thomas A. Martin of counsel), for appellants.
Kleinber, Kaplan, Wolff & Cohen P.C., New York (David M. Levy of counsel), for respondent.



Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 25, 2018, which denied defendants/respondents' motion for the entry of a judgment in accordance with a so-ordered stipulation of settlement, and granted plaintiff/petitioner's cross motion to vacate the stipulation of settlement and an order, same court and Justice, entered on or about February 1, 2017, which marked the case settled, unanimously affirmed, with costs.
On November 10, 2016, the parties put the "broad outline" of the terms of their settlement agreement on the record. The terms included the payment of a sum certain by defendants in exchange for plaintiff's interest in defendant Bruce Supply Corp. and five other defendant entities, and would be structured with a lump sum down payment and 15 annual installment payments. When the motion court asked whether the parties intended to be bound by the settlement, counsel for both sides stated that the settlement was subject to the execution of a formal settlement agreement and corporate documents, and defendants' counsel stated that it would be "an extensive agreement because of the transfer of shares." In their ensuing attempts to consummate the settlement, the parties were not able to reach an agreement on certain terms, including when the installment payments would be made, when plaintiff's corporate shares would be transferred, whether plaintiff would receive security during the 15-year payment period, and the default provisions that should be included.
Given the number of open terms not contemplated by the stipulation of settlement but customarily included in corporate buyout agreements and the parties' understanding that the on-the-record stipulation was subject to further documents, the stipulation of settlement is an unenforceable agreement to agree
(see IDT Corp. v Tyco Group, S.A.R.L., 13 NY3d 209 [2009]; Argent Acquisitions, LLC v First Church of Religious Science, 118 AD3d 441, 444-445 [1st Dept 2014]; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]).
We have considered defendants-respondents' remaining arguments and find them [*2]unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK